**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SERGIO VELASQUEZ COL,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN,<br>Secretary of the U.S. Department of<br>Homeland Security[1] and<br>JOSEPH B. EDLOW, Director of<br>U.S. Citizenship & Immigration Services,<br><br>Defendants. | ) | No. 25-cv-14315<br><br>Judge April M. Perry |

**OPINION AND ORDER**

Sergio Velasquez Col ("Plaintiff") brings this action against Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, and Joseph B. Edlow, Director of U.S. Citizenship and Immigration Services ("USCIS" and collectively, Defendants), under Sections 555(b), 702 and 706(1) of the Administrative Procedure Act ("APA") and the Mandamus Act, 28 U.S.C. § 1361. *See* Doc. 21. Specifically, Plaintiff alleges that Defendants have unreasonably delayed adjudication of his Form I-918 Petition for U Nonimmigrant Status and asks the Court to order Defendants to do so now. *See id.* ¶¶ 1, 46. In response, Defendants have moved to dismiss the amended complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), failure to state a claim under Rule 12(b)(6), and improper venue under Rule

[1] Plaintiff filed his original complaint in November 2025 and named as a defendant Kristi Noem in her capacity as Secretary of the U.S. Department of Homeland Security. Doc. 1. Because she no longer holds this office, the Court substitutes in her place Markwayne Mullin, the current Secretary of the U.S. Department of Homeland Security. *See* Fed. R. Civ. P. 25(d).

12(b)(3). *See* Docs. 26, 27. For the reasons set forth below, Defendants' motion is granted, and Plaintiff's amended complaint is dismissed.

## BACKGROUND

In October 2000, Congress created the "U Visa program" through the passage of the Victims of Trafficking and Violence Protection Act. *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 274 (7th Cir. 2017). Under the program, noncitizens who are victims of qualifying crimes and who assist law enforcement in investigating or prosecuting those crimes can obtain legal status to apply for work authorization and remain in the United States. *See id.*; 8 U.S.C. § 1101(a)(15)(U). The U Visa program is subject to a statutory cap of 10,000 U Visas per fiscal year. *See* 8 U.S.C. § 1184(p)(2). However, there are far more than 10,000 qualified U Visa applicants per year. USCIS has therefore created two paths for obtaining a U Visa.

Historically, USCIS adjudicated U Visa applications based on the statutory and regulatory requirements of the program, placing everyone found to be qualified for a U Visa on a waiting list. *See* 8 C.F.R. § 214.14(d)(2); *see also* USCIS, Policy Manual, Volume 3, Part C, Chapter 6 – Waiting List, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-6 ("USCIS Policy Manual Ch. 6"). By regulation, if a petitioner is placed on the waiting list, USCIS must grant the petitioner deferred action or parole while the petitioner waits for an available U Visa. *See* 8 C.F.R. § 214.14(d)(2) ("USCIS will grant deferred action or parole to U-1 petitioners…while the U-1 petitioners are on the waiting list."). USCIS also "in its discretion, may authorize employment." *Id.* The Court will refer to this as "Path 1."

More recently, the Secretary of Homeland Security began providing interim relief to U Visa applicants through what the Court will refer to as "Path 2." Path 2 is known as the bona fide determination process. *See* USCIS, Policy Manual, Volume 3, Part C, Chapter 5 – Bona Fide

Determination Process, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 ("USCIS Policy Manual Ch. 5"). Under this process, if USCIS determines: (1) that the petition was made in good faith and without fraud or deceit; and (2) that the petitioner does not pose a risk to national security or public safety and otherwise merits a favorable exercise of discretion, USCIS may grant the petitioner employment authorization and deferred action. *See id.*; 8 U.S.C. § 1184(p)(6).

Path 2 is only available to petitioners living in the United States. *See* USCIS Policy Manual Ch. 5, Part 7 ("USCIS only issues BFD EADs and deferred action to petitioners living in the United States[.]"). Therefore, the most a petitioner who lives outside of the United States can hope for is relief via Path 1. *See id.* ("petitioners…who live outside of the United States proceed directly to waiting list adjudication."). On the other hand, a petitioner living in the United States can first go down Path 2 and if he does not receive a favorable bona fide determination will be sent down Path 1 hoping to be found qualified and added to the waitlist. *See* USCIS Policy Manual Ch. 6. When it comes to actually receiving a U Visa, all petitioners must receive a final adjudication. Candidates for final adjudication are selected from those who have successfully received relief under Path 1 or Path 2, "in order of filing date with the oldest filings receiving highest priority" until the statutory cap is met each year. USCIS, Policy Manual, Volume 3, Part C, Chapter 7 – Final Adjudication, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-7.

Plaintiff is a citizen of Guatemala who was originally paroled into the United States in June 2015 and came to reside in Bensenville, Illinois. Doc. 21 ¶¶ 24-26. Several years later, Plaintiff was the victim of an aggravated battery outside of his home. *Id.* ¶ 29. As a result, Plaintiff submitted a petition for U nonimmigrant status. *Id.* ¶ 31. Because he was in the United

States, Plaintiff started on Path 2, and on September 13, 2024 received a determination from USCIS that his petition "was bona fide" and warranted "a favorable exercise of discretion to receive employment authorization and deferred action." *Id.* ¶ 32. USCIS instructed Plaintiff to submit a Form I-765 Application for Employment Authorization. *See* Doc. 21-1 at 1.[2] If that application was approved, Plaintiff would have been in deferred action status as of the date of his employment authorization. *Id.*

Plaintiff applied for employment authorization and deferred action on February 21, 2025. Doc. 21 ¶ 33. Before he received it, Plaintiff was detained during a routine check-in with U.S. Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 34. As alleged in the petition, because Plaintiff's bona fide determination indicated that the period of deferred action would not begin until his employment authorization was issued and USCIS had not yet adjudicated that request, ICE "refused to halt enforcement action" and Plaintiff was removed to Guatemala. *Id.* ¶¶ 35-36.

## ANALYSIS

Plaintiff asks that this Court order Defendants to adjudicate his petition for U nonimmigrant status via Path 1. *Id.* at 1, 21. Defendants respond that Plaintiff's amended complaint should be dismissed because: (1) Plaintiff's injury cannot be redressed; (2) to the extent Plaintiff seeks parole into the United States, the Court lacks jurisdiction to order such relief; (3) USCIS has no duty to perform waitlist adjudications; and (4) even if USCIS is required to adjudicate Plaintiff's petition for placement on the waitlist, Plaintiff has not pled that it has unreasonably delayed in doing so.[3] *See* Doc. 27 at 2-3. The Court addresses each argument in

---

[2] As this document was attached to the complaint, it is considered part of the complaint itself. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010).

[3] Defendants also argue that dismissal is appropriate for improper venue. *See* Doc. 27 at 11-13. When a defendant is an employee of a federal agency, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim

turn.

The Court begins, as it must, with standing. *See Freedom From Religion Found., Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988) ("Standing is a threshold question in every federal case because if the litigants do not have standing to raise their claims the court is without authority to consider the merits of the action."). When a defendant brings a 12(b)(1) motion arguing a lack of standing, "the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, unless standing is challenged as a factual matter." *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 691 (7th Cir. 2015). To establish standing, a plaintiff must plausibly allege: (1) a concrete and particularized injury in fact; (2) that is traceable to the defendant's conduct; and (3) that likely can be redressed by judicial relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed." *United States v. Furando*, 40 F.4th 567, 575 (7th Cir. 2022).

Here, Defendants challenge only the third element – redressability – arguing that a favorable waitlist determination "would not yield any benefit plaintiff has not received or could not equally pursue through a Form I-131 Application for Parole," that the decision to parole Plaintiff is at the sole discretion of USCIS, and that Plaintiff is entitled to nothing because

---

occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e). Although Defendants argue that "[i]t is the activities of defendants on which the court focuses when determining venue," Doc. 27 at 12, Defendants have not cited and the Court is not aware of any case in which the Seventh Circuit has adopted this test. To the contrary, Part B of Section 1391(e)(1) mirrors 1391(b)(2), and under that standard courts often find venue is proper when the events that took place in this district were "part of the historical predicate of the claim." *See, e.g.*, *Brunswick Corp. v. Thorsell*, No. 13 C 9222, 2014 WL 1612668, at *2 (N.D. Ill. Apr. 21, 2014). In this case, the crime giving rise to Plaintiff's U Visa petition occurred in this district, Plaintiff applied for a U Visa while living in this district, and Plaintiff was ultimately detained in this district. *See* Doc. 21 ¶¶ 25, 29, 31, 34. That is enough for the Court to find that venue here is proper.

USCIS already issued Plaintiff a favorable result under Path 2. *See* Doc. 27 at 8-9. Therefore, Defendants argue the relief Plaintiff seeks "would make no material difference in addressing [the] alleged injury" and is otherwise outside of the scope of judicial review. *See id.* The Court disagrees.[4]

To put it in its simplest terms: Plaintiff is currently in Guatemala and wants to be in the United States. Based on the plain language of the relevant statute, placement on the U Visa waitlist could entitle Plaintiff to be paroled into this country. *See* 8 C.F.R. § 214.14(d)(2).[5] Moreover, viewing the allegations of the complaint and drawing all reasonable inferences in Plaintiff's favor, Plaintiff is plausibly entitled to be placed on the waitlist. According to the amended complaint, Plaintiff was the victim of a violent crime and the Bensenville Police Department certified he was "helpful in the detection and investigation of the crime." Doc. 21 ¶¶ 29-30. Moreover, by having granted Plaintiff a bona fide determination, USCIS already has determined that Plaintiff's petition was made in good faith and without fraud or deceit and that he does not pose a risk to national security or public safety and otherwise merits a favorable exercise of discretion. To be sure, a waitlist adjudication appears to be a higher hurdle than a

[4] Defendants also claim that the language of 8 C.F.R. § 214.14(d)(2) does not contemplate "another bite at the interim-relief apple so that [Plaintiff] can seek parole rather than the deferred action he obtained through [the bona fide determination process]," in part because the regulation "expressly gives USCIS the option to grant *either* deferred action or parole [but] not both" and "petitioners who are located in the United States at the time of waiting list placement are considered for deferred action and are not subsequently considered for parole even if they depart the United States after waiting list placement[.]" Doc. 27 at 8 (cleaned up). However, as is discussed below, Plaintiff did not actually receive deferred action. Therefore, he would not be getting a second form of relief. Moreover, that petitioners who are located inside the United States are entitled to only deferred action or parole at the time of waitlist placement is irrelevant given that this petitioner is not in the United States.

[5] 8 C.F.R. § 214.14(d)(2) states that "USCIS *will* grant deferred action or parole to U-1 petitioners … while the U-1 petitioners are on the waiting list." (emphasis added) And it is USCIS's position that "it cannot provide deferred action…to petitioners outside the United States. Deferred action…is only applicable to aliens in the United States." *See* USCIS Policy Manual Ch. 5, Part 7. Thus, it appears that as a practical matter, USCIS will grant parole to waitlisted petitioners outside of the United States.

bona fide determination, but Defendants have not provided any evidence as to how much higher or that Plaintiff would not be able to clear that hurdle.[6] Based upon the record currently before the Court, it seems likely that if the Court ordered Defendants to adjudicate Plaintiff's U Visa application for placement on the waitlist, Plaintiff's injury would be redressed via placement on the waitlist and a subsequent grant of parole.

To the extent Defendants have argued that Plaintiff lacks standing because he could be granted parole through a different type of application, the Court is perplexed. Redressability exists when a plaintiff's injury likely can be cured by judicial relief. *Lujan*, 504 U.S. at 560-61. The Court has not found (and Defendants have not cited) any case holding that to have standing a plaintiff must demonstrate that *only* judicial relief would solve his problem. A plaintiff almost always has non-legal avenues for relief (including a negotiated settlement), but that does not deny him standing to proceed in court.[7]

As for Defendants' argument that the Court cannot order Plaintiff to be paroled into the United States, the Court agrees. *See Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003). But that does not mean the Court cannot determine whether there has been an unreasonable delay in adjudicating Plaintiff's petition and, if so, order Defendants to do so.[8] Plaintiff may not

---

[6] USCIS Policy Manual Ch. 6 notes that "the [bona fide determination] process does not include a full analysis of eligibility requirements [whereas] USCIS conducts a full adjudication necessary to determine eligibility for U nonimmigrant status as part of the waiting list process."

[7] To the extent Defendants' argument is that mandamus relief is inappropriate when other types of relief are available, the Court agrees with this general concept. But that is a merits determination, not a standing one. *See Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008) ("If the court becomes too enmeshed in the plaintiff's entitlement to relief, it will stray beyond the standing inquiry into the merits.").

[8] To be clear, this Court would not have jurisdiction to review USCIS's prior delay in granting Plaintiff deferred action, which delay led to Plaintiff's removal from the United States. USCIS's decision to exercise its discretion in Plaintiff's favor during the bona fide determination process, and the speed at which it executed that decision, are clearly within USCIS's discretion. Similarly, the Court would not have jurisdiction to order that Plaintiff receive work authorization. *See* 8 U.S.C. § 1184(p)(6) (stating that the Secretary of Homeland Security "may grant work authorization to any alien who has a pending, bona

ultimately meet the U Visa eligibility requirements, in which case Plaintiff would not be placed on the waitlist or receive parole. In short: Defendants retain all of the discretion 8 C.F.R. § 214.14(d)(2) gives them to make the parole determination even if the Court orders Defendants to adjudicate Plaintiff's petition. *See, e.g.*, *De La Torre Molina v. Dir., U.S. Citizenship & Immigr. Servs.*, No. 3:25CV594, 2026 WL 681748, at *4 (N.D. Ind. Mar. 10, 2026) (holding that "making the threshold determination of whether an applicant is eligible for the waiting list is not specified by law to be in the discretion of the Attorney General or the Secretary of Homeland Security, and thus is reviewable by the court.") (internal quotes omitted); *Calderon-Ramirez*, 877 F.3d at 275 (allowing judicial review of delay in waitlist adjudication because "there is no dispute that [the petitioner] has a right to adjudication for both the waiting list and a U-visa").

Finally, the Court is not persuaded by Defendants' arguments that Plaintiff has no standing because he "already received the only interim benefit 8 C.F.R. § 214.14(d)(2) provides to petitioners located in the United States, deferred action eligibility." Doc. 27 at 2. First, Plaintiff did not receive deferred action. If he had, he would not have been removed from the United States. Second, Plaintiff is not located in the United States, and therefore the relief he could have received if he were here is irrelevant.[9] For all of these reasons, the Court concludes that it has jurisdiction to review this case.

---

fide application for nonimmigrant status under section 1101(a)(15)(U)[.]"); *Biden v. Texas*, 597 U.S. 785, 802 (2022) ("This Court has repeatedly observed that the word 'may' clearly connotes discretion.") (cleaned up).

[9] Defendants rely on the principles set forth in *Kothari v. Dir., U.S. Citizenship & Immigr. Servs.* to support their stance that Plaintiff lacks standing for a waitlist determination because he already received a bona fide determination. No. 3:24 C 50101, 2026 WL 752561, at *2 (N.D. Ill. Mar. 17, 2026). *Kothari* is not binding authority, and it is distinguishable on its facts. In *Kothari,* the plaintiffs had received deferred action status after getting their bona fide determinations but also wanted parole. The Court held that the plain language of Section 214.14(d)(2) only allows one form of relief and the plaintiffs did not have standing to seek a second. In this case, Plaintiff never actually received deferred action status.

The Court moves on to Defendants' argument that USCIS has no duty to perform a waitlist adjudication at all. At least one judge has opined that while 8 C.F.R. § 214.14(d)(2) clearly imposes a mandatory duty on USCIS "to *place* an *eligible* U-Visa petitioner on the waiting list, [it] says nothing about a mandatory duty to *adjudicate* U-Visa petitions." *See U Visa Appellants v. Dir., U.S. Citizenship & Immigr. Servs.*, 191 F.4th 1023, 1047-48 (9th Cir. 2026) (Bea, J., concurring in part and dissenting in part) (emphasis in original). However, a regulation requiring eligible petitioners to be placed on a waitlist inherently includes the requirement that USCIS adjudicate petitions to determine who is eligible. Any other reading of the regulation would render it meaningless. Moreover, USCIS has traditionally acknowledged, and the Seventh Circuit has agreed, that USCIS has such a duty. *See Calderon-Ramirez*, 877 F.3d at 275 (noting "there is no dispute that [the plaintiff] has a right to adjudication for both the waiting list and a U-visa"); *see also Patel v. Noem*, 788 F. Supp. 3d 950, 956 (N.D. Ill. 2025). Therefore, the Court finds that that the law requires USCIS to perform waitlist adjudications.

This leaves only the question of whether Plaintiff has plausibly alleged that his adjudication has been unreasonably delayed. To determine whether an agency delay is plausibly unreasonable, courts generally employ the six "TRAC factors," which include: (1) whether the agency proceeds via a rule of reason; (2) whether Congress has provided a timeframe for agency action; (3) whether human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of interests prejudiced by delay; and (6) whether there is "impropriety lurking behind agency lassitude." *Telecommunications Rsch. & Action Ctr. v. F.C.C.*, 750 F.2d 70, 80 (D.C. Cir. 1984); *see, e.g.*, *Nayi v. Noem*, 799 F. Supp. 3d 739, 748 (N.D. Ill. 2025) (collecting cases from this district utilizing the TRAC factors). While instructive, none of the TRAC factors are mandatory in

evaluating whether there has been an unreasonable delay. *See, e.g.*, *Calderon-Ramirez*, 877 F.3d at 275-76 (finding no unreasonable delay without analyzing the TRAC factors).

In this case, the Court finds that the TRAC factors overwhelmingly favor Defendants. As to the first factor, Plaintiff does not dispute Defendants' claims that U visa petitions are adjudicated in order of submission. Nor does Plaintiff dispute that courts have "consistently concluded, including at the pleading stage" that Defendants' first-in, first-out method of adjudication "constitutes a rule of reason." *Patel v. Mullin*, No. 1:25-CV-11019, 2026 WL 1091371, at *6 (N.D. Ill. Apr. 22, 2026) (collecting cases). Therefore, the first TRAC factor favors Defendants. Plaintiff also does not argue that Congress has set a timetable for adjudicating U Visa petitions. Doc. 31 at 10-11. As such, the second TRAC factor also favors Defendants.

With respect to the third factor, that human health and welfare are at stake, and the fifth factor, that Plaintiff is prejudiced by a delay, the Court agrees that Plaintiff and his family are harmed economically and emotionally by a lack of adjudication. But Plaintiff's personal circumstances are unfortunately not substantially different than those of many U visa petitioners, and the Seventh Circuit has held that these types of personal considerations do not provide a plaintiff "a right to skip ahead of other petitioners who filed an application before [him], but who are also waiting for adjudication for the U-visa waiting list." *Calderon-Ramirez*, 877 F.3d at 275. While the third and fifth favor do not favor Defendants, they also do not favor Plaintiff.

The fourth factor, which asks whether compelling the government to act will impact other competing agency activities, favors Defendants. Adjudicating Plaintiff's petition would inherently divert resources away from processing U Visa applications that have been in the queue longer than Plaintiff's, which are valid competing priorities.

Finally, Plaintiff does not allege "any bad faith on the part of the Defendants." *See* Doc.

31 at 13. Therefore, the sixth favor also favors Defendants.

Ultimately, the Court cannot conclude that Plaintiff has plausibly alleged that a twelve-month delay from Plaintiff's removal[10] to present is unreasonable in light of the backlog of U Visa applications. *See, e.g.*, *Calderon-Ramirez*, 877 F.3d at 275-76 (affirming dismissal of an unreasonable delay claim where the plaintiff waited approximately eighteen months); Doc. 21 ¶ 53 (acknowledging a backlog of U visa petitions). For these reasons, Plaintiff's APA claim must be dismissed. Because the mandamus relief Plaintiff seeks is duplicative to relief authorized by the APA, *see* 5 U.S.C. § 706(1) (providing that a reviewing court can "compel agency action unlawfully withheld or unreasonably delayed"), this claim is also dismissed. *See Ebrahimi v. Blinken*, 732 F. Supp. 3d 894, 908 (N.D. Ill. 2024) (collecting cases dismissing a petition for writ of mandamus when an APA claim was available).

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is granted and the amended complaint is dismissed without prejudice for failure to state a claim. However, the Court notes that this opinion is premised on the assumption that Plaintiff is in fact in line to receive a waitlist adjudication. Defendants' most recent status report, Doc. 34, indicates that Plaintiff may not be in line to receive a waitlist determination at all, and is instead in line to receive final adjudication. However, as stated above, 8 C.F.R. § 214.14(d)(2) clearly imposes a mandatory duty on USCIS "to *place* an *eligible* U-Visa petitioner on the waiting list." USCIS is not entitled to skip that step just because it came up with a form of interim relief that Plaintiff did not

---

[10] The Court uses the time of Plaintiff's removal as the start of the relevant clock because Plaintiff's grant of a bona fide determination and permission to receive an employment authorization in September 2024 indicates that USCIS was processing Plaintiff's application under Path 2. It was only upon Plaintiff's removal from the United States that Plaintiff's application should have been moved to Path 1 for a waitlist determination, and therefore Plaintiff has only been waiting a year for the relief he currently requests.

ultimately receive and now does not qualify for because Defendants removed him from the country. Plaintiff's position – having obtained a bona fide determination under Path 1 but not receiving any relief thereunder – seems to be unaccounted for in USCIS's workflow. The Court therefore will grant Plaintiff leave to file an amended complaint by January 18, 2027. Given that Plaintiff's original U Visa application was filed in June 2019, one would certainly hope Plaintiff's application is close to adjudication in any event.

Dated: November 16, 2026

April M Perry

APRIL M. PERRY
United States District Judge